# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>(1) DARRICK DION ANTWINE,<br>(2) MARION LADON ANTWINE,<br>(3) JOHN MARK KEYS,<br>(4) DAVID ALLEN KEYS,<br>(5) ANTWAUN MONTAYE TODD,<br>(6) JONATHAN LAMONT GANDY,<br>(7) SENECA TAVARES GANDY,<br>(8) FELIX GANDY, and<br>(9) CAMERON LYDELL FOSTER, JR.,<br><br>    Defendants. | Case No. CR-12-032-RAW |

## ORDER & OPINION

Before the court is Defendant Antwaun Montaye Todd's motion for release pending trial [Docket No. 108]. The court held a hearing on the motion on May 17, 2012. At the hearing, the court heard arguments from defense counsel and the Government and testimony from one witness, Mr. Stephens, Special Agent for United States Bureau of Alcohol, Tobacco, Firearms and Explosives. The court has also considered Defendant's Exhibits 1 - 5 entered at the hearing. Additionally, the court has reviewed *de novo* the transcript of the detention hearing held before the United States Magistrate Judge on April 18, 2012.

If the court finds that "no condition or combination of conditions will reasonably assure the appearance of [Defendant Todd] as required and the safety of any other person and the community," the court must order his detention pending trial. 18 U.S.C. § 3142(e).

Section 3142(e) also provides rebuttable presumptions, one of which is applicable here. Title 18, section 3142(e)(3) provides in pertinent part:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed– (A) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.) . . . .

The Government concedes that Defendant is not likely to be a flight risk, but argues that he is a danger to the community. Defendant Todd "may be detained based on danger to the community only if the court finds by clear and convincing evidence that no conditions of release will reasonably assure the community's safety." United States v. Vorrice, 277 Fed.Appx. 762, 763 (10th Cir. 2008).

Since the § 3142(e)(3)(A) presumption has been invoked, the Defendant carries a burden of production. United States v. Stricklin, 932 F.2d 1353, 1354 (10th Cir. 1991). The burden of persuasion, however, remains with the Government. Id. at 1354-55. The Defendant's burden is not heavy, he must only produce some evidence. Id. at 1355. Even if the Defendant has met his burden, however, "the presumption remains a factor for consideration by the district court in determining whether to release or detain." Id.

The Government presented testimony that Defendant Todd was stopped by police on February 7, 2012, and that police found marijuana and guns in his vehicle. The Government presented testimony that Defendant Todd threatened the Government's confidential informant by holding a gun to his head. The Government also presented testimony that Defendant Todd's essential roles in the conspiracy that is the subject of the Indictment in this case include working as a drug distributor, an enforcer and a "right hand" to the leader, Darrick Antwine. The Government argues that if Defendant Todd is released, he would likely continue engaging in such

activity.

Defendant submitted color photographs of the trunk of his car on February 7, 2012. One photo depicts two guns, another photo depicts a red bag, and the last photo depicts the entire contents of the trunk, including, *inter alia*, a brief case, the red bag, and an open Bud Light box. Defendant also submitted letters offering employment, letters regarding the allegation that Defendant Todd held a gun to the Government's confidential informant's head on March 6, 2012, and letters from people willing to co-sign for his bond if he is released.

Defense counsel argues and presented evidence that Defendant Todd was picking up his children from school on March 6, 2012 at the time the Government's confidential informant states that Defendant Todd held a gun to his head. For purposes of this motion, the court will accept Defendant Todd's account on this. Nevertheless, the court still believes Defendant Todd is a danger to the community. The court finds that Defendant Todd is likely to continue in his alleged roles as a drug distributor, enforcer and "right hand" to the conspiracy leader. The court will not address his roles as an enforcer and "right hand," however, as his role as an alleged drug distributor alone makes him a danger to the community.

As the Tenth Circuit has pointed out, the concern about safety under § 3142(e) " is to be given a broader construction than the mere danger of physical violence." United States v. Cook, 880 F.2d 1158, 1161 (10th Cir. 1989). "Safety of the community 'refers to the danger that the defendant might engage in criminal activity to the detriment of the community." Id. (citation omitted). Moreover, "the risk that a defendant will continue to engage in drug trafficking constitutes a danger to the 'safety of any other person or the community.'" Id. (citation omitted).

Having considered all of the arguments and evidence noted above and the factors set forth in § 3142(g), the court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community. Accordingly, the motion for release pending trial [Docket No. 108] is DENIED.

In addition to the above findings and reasons for the court's ruling, in accordance with § 3142(i), the court also orders that:

(1) Defendant Todd be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant Todd be afforded reasonable opportunity for private consultation with counsel; and

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant Todd is confined deliver him to a United States marshal for the purpose of an appearance in connection with a court proceeding.

It is so ORDERED this 18th day of May, 2012.


**Dated this 18th day of May, 2012.**


Ronald A. White
United States District Judge
Eastern District of Oklahoma